UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MACIAS, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| GLASS MOUNTAIN CAPITAL, LLC; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, JOHN MACIAS, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney(s), alleges against the above-named Defendants, GLASS MOUNTAIN CAPITAL, LLC ("GLASS MOUNTAIN"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1.   Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.   Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Yonkers, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. GLASS MOUNTAIN maintains a location at 1930 Thoreau Drive, Suite 100, Schaumburg, Illinois 60173.

8. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New York consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New York consumers who were sent letters and/or notices from GLASS MOUNTAIN concerning a debt owned by SECURITY CREDIT SERVICES LLC, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

        15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to September 7, 2017, Plaintiff allegedly incurred a financial obligation to TEMPOE, LLC ("TEMPOE").

16. The TEMPOE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the TEMPOE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the TEMPOE obligation for business purposes.

19. The TEMPOE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. TEMPOE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. At some time prior to September 7, 2017, the TEMPOE obligation was purchased by and/or sold to SECURITY CREDIT.

22. At the time the TEMPOE obligation was purchased by and/or sold to SECURITY CREDIT, the obligation was in default.

23. On or before September 7, 2017, TEMPOE referred the TEMPOE obligation to GLASS MOUNTAIN for the purpose of collections.

24. At the time TEMPOE referred the TEMPOE obligation to GLASS MOUNTAIN, the obligation was past due.

25. At the time TEMPOE referred the TEMPOE obligation to GLASS MOUNTAIN, the obligation was in default.

26. Defendant caused to be delivered to Plaintiff a letter dated September 7, 2017, which was addressed to Plaintiff.  **Exhibit A,** which is fully incorporated herein by reference.

27. The September 7, 2017 letter was sent to Plaintiff in connection with the collection of the TEMPOE obligation.

28. The September 7, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. Upon receipt, Plaintiff read the September 7, 2017 letter.

30. The September 7, 2017 letter provided the following information regarding the balance claimed due on the TEMPOE obligation:

> Balance Due: $1,990.00

31. The September 7, 2017 letter stated in part:

> As of the date of this letter, you owe $1,990.00.  Because of interest, late charges, and other charges that may vary from day to

day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 877-208-9952.

32. GLASS MOUNTAIN did not provide an itemization of the "balance due" showing what portion of the balance was interest, late charges or other charges.

33. GLASS MOUNTAIN did not provide any information regarding the rate of interest, the nature of the other charges, how any such charges would be calculated or what portion of the balance due, if any, reflects already accrued interest, late charges or other charges.

34. The total balance alleged to be due on the TEMPOE obligation did not increase "because of interest, late charges, and other charges that may vary from day to day."

35. SECURITY CREDIT never authorized GLASS MOUNTAIN to charge or add interest to the balance of the TEMPOE obligation.

36. SECURITY CREDIT never authorized GLASS MOUNTAIN to add interest, late charges or other charges to the balance of the TEMPOE obligation.

37. As some time prior to September 7, 2017, TEMPOE ceased charging or adding interest to the balance of the TEMPOE obligation.

38. As some time prior to September 7, 2017, TEMPOE ceased adding interest, late charges or other charges to the balance of the TEMPOE obligation.

## POLICIES AND PRACTICES COMPLAINED OF

39. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

  (b)  Threatening to take any action that cannot legally be taken or that is not intended to be taken;

  (c)  Using unfair or unconscionable means to collect or attempt to collect any debt; and

  (d)  Making a false representation of the character, amount legal status of the debt.

40. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

41. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43. Defendant's September 7, 2017 letter would lead the least sophisticated consumer to believe that Defendant stated that the amount due could increase due to additional interest, late charges or other charges because it was relevant and true.

44. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

45. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the TEMPOE obligation would increase.

46. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the TEMPOE obligation would increase due to interest, late charges or other charges.

47. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the TEMPOE obligation would increase.

48. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the TEMPOE obligation would increase due to interest, late charges or other charges.

49. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the TEMPOE obligation would increase due to interest, late charges or other charges.

50. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

51. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance would increase due to interest, late charges or other charges.

53. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

54. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

55. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

56. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance would increase due to interest, late charges or other charges.

57. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest, late charges or other charges.

58. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add interest, late charges or other charges.

59. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

60. Defendants violated 15 U.S.C. § 1692e(5) by stating that the amount due could increase due to additional interest, late charges or other charges when in fact the amount due would not and did not increase.

61. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest, late charges or other charges when in fact the amount due would not and did not increase.

62. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

63. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional interest, late charges or other charges when in fact the amount due would not and did not increase.

64. Defendants' representation that the amount due could increase due to additional interest, late charges or other charges when in fact the amount due would not and did not

increase violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

65. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

66. Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by representing that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

67. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

68. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

71. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

72. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

73. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

   (a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

   (b) Awarding Plaintiff and the Class statutory damages;

   (c) Awarding Plaintiff and the Class actual damages;

   (d) Awarding pre-judgment interest;

   (e) Awarding post-judgment interest.

   (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

   (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: November 26, 2017

           *s/ Joseph K. Jones*
           Joseph K. Jones, Esq.
           JONES, WOLF & KAPASI, LLC
           One Grand Central Place
           60 East 42nd. Street, 46th Floor
           New York, NY 10165
           (646) 459-7971 telephone
           (646) 459-7973 facsimile
           jkj@legaljones.com

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

           *s/ Joseph K. Jones*
           Joseph K. Jones, Esq.

# Exhibit

# A

1930 Thoreau Drive, Ste. 100
Schaumburg, IL 60173-4179

Glass Mountain Capital LLC
1930 Thoreau Drive, Ste. 100
Schaumburg, IL 60173
877-581-0030
Hours: 8:00am-5:00pm CST/Mon-Fri

JUAN MACIAS

| | |
|---|---|
| Current Owner: | SECURITY CREDIT SERVICES LLC |
| Original Creditor: | TEMPOE, LLC |
| Account Number: | DR6QFTX |
| Glass Mountain Capital LLC Account #: | |
| Balance Due: | $1,990.00 |

**SETTLEMENT OFFER**
**40% OF THE BALANCE DUE**

September 7, 2017

Dear JUAN MACIAS:

Please be advised that Glass Mountain Capital LLC will accept 40% as settlement on the Balance Due for the account referenced above. This offer is a limited time offer contingent upon Glass Mountain Capital LLC's receipt of verified funds on or before 09/27/2017. Glass Mountain Capital LLC is not obligated to renew this offer.

If you would like to make a payment, you may contact our office and speak to a representative, use the form at the bottom of this page, or visit our website at, www.gmcpayments.com. Please be sure to utilize your "GMC Account Number" when making a payment via the website. Upon receipt of verified funds representing 40% of the Balance Due, Glass Mountain Capital LLC will close the account.

Should you have any questions, do not hesitate to contact our office at the number above.

As of the date of this letter, you owe $1,990.00. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 877-208-9952.

New York City Department of Consumer Affairs, License Number 1391115.

Sincerely,
Edward Carfora (SVP of Operations),
Glass Mountain Capital LLC

**This communication is from a debt collector.**
This is an attempt to collect a debt and any information obtained will be used for that purpose.

▲ Please Detach And Return in The Enclosed Envelope With Your Payment ▲

| | |
|---|---|
| Glass Mountain Capital LLC Account #: | |
| Balance Due: | $1,990.00 |
| Enclosed Amount: | |

Macias Juan
217 Hawthorne Ave
Apt 2s
Yonkers, NY 10705-1024

Pay Online at www.gmcpayments.com

**IF PAYING BY CREDIT CARD PLEASE FILL OUT BELOW**

| CARD HOLDER NAME | |
|---|---|
| CARD NUMBER | EXP. DATE |
| SIGNATURE | |
| AMOUNT | CVV/CID (3-Digit Verification Code on Back of Card) |

Glass Mountain Capital LLC
1930 Thoreau Drive, Ste. 100
Schaumburg, IL 60173-4179

TXS01
Glass Mountain.WFD

Page 1 of 1

