# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MACIAS, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff(s),<br><br>　　　　　-against-<br><br>GLASS MOUNTAIN CAPITAL, LLC; and JOHN DOES 1-25,<br><br>　　　　　　Defendant(s). | Civil Case No.: 7:17-cv-09243 VB |

## PLAINTIFF'S RESPONSE TO ORDER DATED FEBRUARY 28, 2018

　　　　　　　　　　　　　　　　JONES, WOLF & KAPASI, LLC
　　　　　　　　　　　　　　　　One Grand Central Place
　　　　　　　　　　　　　　　　60 East 42nd. Street, 46th Floor
　　　　　　　　　　　　　　　　New York, NY 10165
　　　　　　　　　　　　　　　　(646) 459-7971 telephone
　　　　　　　　　　　　　　　　(646) 459-7973 facsimile
　　　　　　　　　　　　　　　　jkj@legaljones.com

On the Brief:
　　　　Joseph K. Jones, Esq.

## PROCEDURAL HISTORY

On November 26, 2017, Plaintiff John Macias filed a class action Compliant on behalf of himself and all others similarly situated against Defendant, Glass Mountain Capital, LLC and John Does 1-25.

On November 27, 2017, the Clerk of the Court issued a Summons as to Glass Mountain Capital, LLC.

On December 19, 2017, the undersigned attorney sent *via* email the Summons and Complaint to Guaranteed Subpoena Services, Inc., for process of service.  *See*, Exhibit A.

Guaranteed Subpoena Services, Inc. failed to post the request for service of process in its system.  As a result, the Summons and Complaint was not assigned to the out-of-state process server.

Guaranteed Subpoena Services, Inc. has since corrected their error and Glass Mountain Capital, LLC, was served with a copy of the Summons and Complaint on March 6, 2018.

As copy of the Affidavit of Service was filed March 8, 2018, *via* ECF No. 8. *See*, Exhibit B.

## ARGUMENT

The undersigned attorney timely transmitted the request for process of service.  However, the third party process server Guaranteed Subpoena Services, Inc., for some unknown reason simply failed to post the request to it system.  As a result such failure, the Summons and Complaint in this matter was not assign to it out-of-state process server.

Immediately upon learning of such failure, the undersigned contacted Guaranteed Subpoena Services, Inc., who has since corrected the failure and promptly made valid service on Defendant, Glass Mountain Capital, LLC.

The undersigned attorney does acknowledge that valid service was completed beyond the time set forth in Fed. R. Civ. P. 4(m). However, it is respectfully submitted that neither party has been prejudiced by the late service.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully request that this matter not be dismissed for lack of prosecution.

Dated: March 8, 2018

            Respectfully submitted,

            *s/ Joseph K. Jones*
            Joseph K. Jones, Esq.
            JONES, WOLF & KAPASI, LLC
            One Grand Central Place
            60 East 42nd. Street, 46th Floor
            New York, NY 10165
            (646) 459-7971 telephone
            (646) 459-7973 facsimile
            jkj@legaljones.com

# Exhibit A

**Joseph Jones**

| | |
|---|---|
| **From:** | Joseph Jones |
| **Sent:** | Tuesday, December 19, 2017 6:52 PM |
| **To:** | 'info@Served.com' |
| **Subject:** | Attn: Nicole |
| **Attachments:** | Summons for Service.pdf; Complaint with Exhibit - FILED.pdf |

Nicole -

Please serve the attached Summons and Complaint.

Forward all communications to the New York office.

Thank you.

Joseph K. Jones
Managing Partner
Jones, Wolf & Kapasi, LLC



*In New York*
One Grand Central Place
60 East 42nd., Street, 46th floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile

*In New Jersey*
375 Passaic Avenue, Suite 100
Fairfield, NJ 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile

e-mail jkj@legaljones.com
www.legaljones.com

CONFIDENTIALITY NOTICE: This e-mail contains information that is privileged and confidential and subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. You are prohibited from copying, distributing or otherwise using this information if you are not the intended recipient. If you have received this e-mail in error, please notify us immediately by return e-mail and delete this e-mail and all attachments from your system. Thank You.

# Exhibit

# B

# AO 88 (11/91) Subpoena in a Civil Case — PROOF OF SERVICE

Case 7:17-cv-09243-VB Document 8 Filed 03/08/18 Page 7 of 9

20180228161629

| SERVED | DATE: 3-6-18 2:42 PM | PLACE: c/o National Registered Agents 208 S LaSalle St, Chicago, IL 60604 |
|---|---|---|

**SERVED ON:** GLASS MOUNTAIN CAPITAL, LLC
**ACCEPTED BY:** Derrick Hackett
**RELATIONSHIP/TITLE:** Registered Agent/SOP Intake Desk

**MANNER OF SERVICE:** RULE 45, FEDERAL CIVIL RULE
**SERVING:** SUMMONS AND COMPLAINT, EXHIBIT A

**SERVED BY:** Stacey A Johnson
**TITLE:** PROCESS SERVER

## DECLARATION OF SERVER

Description of Person Receiving Document(s):

SEX: B  AGE: 28  HEIGHT: 5'8"  WEIGHT: 140  SKIN: Black  HAIR: Black  OTHER: Glasses

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service.
I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certification of Service is true and correct.

_____ L.S.
SIGNATURE OF STACEY A JOHNSON
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

**EXECUTED ON:** 3-8-18

| ATTORNEY: | JOSEPH K. JONES, ESQ. |
|---|---|
| PLAINTIFF: | JOHN MACIAS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED |
| DEFENDANT: | GLASS MOUNTAIN CAPITAL, LLC, ET AL |
| VENUE: | DISTRICT |
| DOCKET: | 7 17 CV 09243 VB |
| FEE: | 0.00 |

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events of occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assure that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Civil Action No. 7:17-cv-9243

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* **Glass Mountain Capital LLC**
was received by me on *(date)* **3-2-18**.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* **National Registered Agents / Derrick Hackett** , who is
designated by law to accept service of process on behalf of *(name of organization)* **Glass Mountain Capital LLC**
**S.O.P. Intake Desk** on *(date)* **3-6-18 @ 2:42 pm**
**208 S LaSalle St, Chicago, IL 60604**
☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ **0.00** .

I declare under penalty of perjury that this information is true.

Date: **3-8-18**

*Server's signature*

**Stacey A Johnson, Process Server**
*Printed name and title*

**Guaranteed Subpoena Service**
**2009 Morris Ave, Union, NJ 07083**
*Server's address*

Additional information regarding attempted service, etc:

| Print | Save As... | Reset |

# United States District Court
## Southern District of New York

JOHN MACIAS, ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED,

        Plaintiff,

vs.

GLASS MOUNTAIN CAPITAL, LLC, ET AL,

        Defendant.

Case No.: 7 17 CV 09243 VB

**AFFIDAVIT OF SERVICE**



I, Stacey A. Johnson, an employee of GUARANTEED SUBPOENA SERVICE, INC., being first duly sworn on oath, depose and say the following:

I am over the age of 18 years old and not a party to this action.

On March 06, 2018 at 2:42 PM, I served the within SUMMONS AND COMPLAINT, EXHIBIT A on GLASS MOUNTAIN CAPITAL, LLC c/o NATIONAL REGISTERED AGENTS in the following manner:

**Corporate Service:** By leaving a copy of the SUMMONS AND COMPLAINT, EXHIBIT A with **DERRICK HACKETT, Registered Agent / S.O.P. Intake Desk**, an officer or agent of **GLASS MOUNTAIN CAPITAL, LLC c/o NATIONAL REGISTERED AGENTS**.

Service was effected at 208 S LaSalle Street, Suite 814, Chicago, IL 60604.

Description of person process was left with:

Sex: **Male** - Skin: **Black** - Hair: **Black** - Approx. Age: **29** - Height: **5'8"** - Weight: **140**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Further the affiant sayeth naught.

Signed and sworn to before me on
this 8th day of March, 2018.

X_____
Stacey A. Johnson
PERC: 117,00912

_____
NotaryPublic



OFFICIAL SEAL
ERNEST L. JOHNSON
Notary Public, State of Illinois
My Commission Expires August 22, 2018

GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083
908-687-0056
File:**20180228161629**

*367640*